Freedom Trust 2011-2 v HSBC Bank USA, N.A. (2023 NY Slip Op 01135)

Freedom Trust 2011-2 v HSBC Bank USA, N.A.

2023 NY Slip Op 01135

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Index No. 653319/21 Appeal No. 17446 Case No. 2022-02263 

[*1]Freedom Trust 2011-2 et al., Plaintiffs-Respondents,
v
HSBC Bank USA, N.A., as Trustee, Defendant-Appellant.

Williams & Connolly LLP, New York (Lauren H. Uhlig of counsel), for appellant.
Patterson Belknap Webb & Tyler LLP, New York (David S. Kleban of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about April 18, 2022, which, to the extent appealed from, denied defendant's motion to dismiss the breach of contract claims by plaintiff Freedom Trust 2011-2 as untimely, unanimously affirmed, with costs.
Plaintiff Freedom Trust 2011-2, the beneficial owner of certain residential mortgage-backed securities (RMBS), agreed to postpone assertion of its claims arising out of defendant trustee HSBC Bank USA N.A.'s alleged failure to bring a timely action against the sponsor of the RMBS transaction. To effectuate the toll, the parties entered into an agreement on May 20, 2015, which was to be effective until May 19, 2017, unless terminated earlier. Plaintiff and defendant then entered into a series of subsequent tolling agreements, with each effective for approximately six months. The most recent agreement, entitled the "Twelfth Amended and Restated Tolling Agreement" was entered into on January 15, 2021.
In support of its motion to dismiss the action as untimely, defendant primarily argues that this Court must apply New York's General Obligations Law § 17-103 to the parties' tolling agreements thus rendering them unenforceable. However, even assuming that General Obligations Law § 17-103 applies, the motion court properly enforced the tolling agreements.
General Obligations Law § 17-103 concerns a "promise to waive, to extend, or not to plead the statute of limitation" on a breach of contract claim. Giving effect to the statute's plain language, the court properly found that "a promise" refers to a single promise, and that the statute only limits the amount of tolling that can be attached to each of the individual tolling agreements (see e.g. Niz-Chavez v Garland, —US—, —, 141 S Ct 1474, 1480 [2021]). Nothing in the statutory text or otherwise prohibits a party from making consecutive "promises" to toll the limitations period.
In any event, the motion court properly applied Delaware's three-year limitations period under the borrowing statute, and concluded that Delaware law — rather than New York's General Obligations Law § 17-103 —was controlling. When another state's statute of limitations is "borrowed" pursuant to CPLR 202 (here, Delaware), the borrowing statute requires "a comparison of New York's 'net' limitations period, integrating all relevant New York extensions and tolls, [with] the foreign state's 'net' limitations period, with all foreign tolls," and must enforce the shorter period of the two (Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 339 [2019]). It is undisputed that under Delaware law, an open-ended waiver of the statute of limitations is enforceable (see e.g. Department of Labor v Red Rose Roofing, Inc., 2000 Del Super LEXIS 214, *2-3, 2000 WL 970678, *1 [Mar. 13, 2000, Nos. CA 98C-02-019 SCD, CA 98C-02-020 JOH]).
Defendant's argument that the motion court should have applied both Delaware's three-year limitations period and New [*2]York's General Obligations Law § 17-103 on account of the tolling agreements' choice-of-law provisions is not persuasive. The choice of law provision in the tolling agreements provide that:
"The construction and effect of the Tolling Agreement shall be governed by the laws of the State of New York without giving effect to its conflict of law principles,
provided, however, that New York law shall not be deemed, by operation of this
provision, to govern the issue of which jurisdiction's law shall apply to any Time-Based Defense."
As defendant is plainly asserting a "Time-Based Defense," the choice-of-law provision
does not call for the application of New York law, such as General Obligations Law § 17-
103, to that defense. Defendant's reliance on Barclays does not compel a different
result, as the relevant choice-0f-law provision in that case did not contain a broad carve-
out for issues concerning "any Time-Based Defense" (see Deutsche Bank Natl. Trust Co.
v Barclays Bank PLC, 34 NY3d 327, 340-341).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023